# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-30149
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2018

Lyle W. Cayce
Clerk

————

CLAUDE R. FRAZIER,

Plaintiff−Appellant,

versus

TIMOTHY KEITH; DOCTOR MARK SINGLETON; DANIEL MARS;
CORRECTIONS CORPORATION OF AMERICA; JAMES LEBLANC;
DOCTOR STEPHEN KUPLESKY; NURSE AMY BRUNSON,

Defendants−Appellees.

————

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:13-CV-3110

————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Claude Frazier, Louisiana prisoner #274096, filed a civil rights

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30149

complaint under 42 U.S.C. § 1983, alleging that he was denied medical care after he fell from an unsecured shower chair. He further claimed that prison officials refused to provide an air mattress to alleviate his bed sores even though a doctor from an outside facility had prescribed it.

Frazier contends that the district court erred in granting summary judgment and dismissing. He further avers that he should have been appointed counsel, given that he is a paraplegic. He incorporates a motion for leave to amend his complaint.

This court reviews a summary judgment de novo, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

To prevail on a claim of deliberate indifference to medical needs, the plaintiff must establish that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner's disagreement with his medical treatment generally is not enough to show deliberate indifference. *Id.*

Frazier alleged that the defendants failed properly to diagnose and treat him after he fell in the shower. The competent summary judgment evidence shows that Frazier was examined by medical staff after he fell. The medical staff were responsive to his complaints of pain and provided him with pain medication. Frazier presented no countervailing evidence. He may disagree with the extent of the treatment or consider it ineffective, but that is insufficient to show deliberate indifference to his serious medical needs. *See id.*

Frazier also alleged that the defendants refused to provide an air mattress to alleviate symptoms associated with his bed sores, resulting in pain and suffering.  Frazier's medical records indicate that the defendants considered his request for an air mattress but determined that it would not help.  The choice between forms of treatment "is a classic example of a matter of professional judgment" and does not support a finding of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  The medical records also demonstrate that Frazier received consistent medical treatment for his bed sores and related medical issues.  Frazier has failed to show a genuine issue of material fact with respect to the refusal to provide an air mattress, and the district court did not err in granting summary judgment on the issue.

Frazier also complained that the defendants had failed to provide a safe shower area for paraplegics.  Because Frazier did not file an administrative grievance regarding the safety of the shower area, the district court correctly dismissed the claim as unexhausted.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007).

According to Frazier, the defendants violated his constitutional rights by providing an "unsecured" shower chair that lacked rubber stoppers and created a substantial risk of harm to paraplegics because the chair could slide or tip over.  An affidavit from the prison's medical director stated that all shower chairs were ordered through a medical supplier, were medical grade, and were designed for use by disabled persons.  The shower chairs contained rubber stoppers on the feet to prevent sliding.  Though Frazier alleged that prison employees removed the shower chairs without stoppers and replaced them with new ones with stoppers after defense counsel had notified them of the alleged defect, Frazier provided no evidence to support that allegation.  A party opposing a properly supported summary judgment motion may not rest on

No. 17-30149

mere allegations contained in the pleadings to demonstrate a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The district court did not err in granting summary judgment on this issue.

Frazier's statement of the issues includes a challenge to the refusal to appoint counsel. He also questions the grant of summary judgment on "non-disputed" claims, which he does not identify. He provides no further argument on these issues. Although this court liberally construes the briefs of pro se litigants, arguments must be briefed to be preserved. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); FED. R. APP. P. 28(a)(8)(A). Frazier has abandoned these issues by failing to brief them. *See Yohey*, 985 F.2d at 225.

The judgment is AFFIRMED. The motion for leave to amend is DENIED.